GRAVES, COX AND COMPANY, PETITIONER, v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 63015.    Promulgated January 31, 1933.

*W. A. Hifner, Jr., C. P. A.*, for the petitioner.
*F. L. Van Haaften, Esq.*, for the respondent.

OPINION.

ARUNDELL: The deficiency for redetermination in this proceeding is in income tax in the amount of $102.46 for 1929.    The facts were stipulated.

At various times in 1919 the petitioner, a Kentucky corporation engaged in the general retail clothing business in Lexington of that State, purchased some furniture and fixtures and charged the costs thereof to its furniture and fixtures account.    For the years 1919 to 1928, inclusive, it claimed and was allowed depreciation on the assets so acquired at the rate of 10 per cent per annum.    In its return for 1929, the petitioner claimed depreciation at the rate of 5 per cent on the additions made to the account in 1919.    The respondent disallowed the claimed deduction, which action the petitioner alleges to be error.    The petitioner contends that the basis for depreciation in 1919 should have been one-half of the cost of the assets, in view of the fact that the property was purchased at various times during the year.    In addition to contending that the petitioner has received all of the depreciation to which it is entitled, the respondent pleads estoppel.

The petitioner admits that it has fully recovered the cost of the assets through depreciation allowances.    What it seeks to do is to obtain an allowance for depreciation in excess of the basis therefor because of an alleged error committed by the respondent in 1919, a year for which no liability exists for additional taxes on account of the running of the statute of limitations.

" The amount of the allowance for depreciation is the sum which should be set aside for the taxable year, in order that, at the end of the useful life of the plant in the business, the aggregate of the sums set aside will (with the salvage value) suffice to provide an amount equal to the original cost."    *United States* v. *Ludey*, 274 U. S. 295.    In determining whether a taxpayer is entitled to depreciation, allowances made in prior years for exhaustion of the

same assets must be considered. *Lake Charles Naval Stores*, 25 B. T. A. 173; *Alpin J. Cameron*, 8 B. T. A. 120. Here we find that the petitioner has already recovered the cost of the assets by deductions allowed for years prior to 1929. Any further allowance would result in a double deduction for the same capital assets, which the statute does not authorize. *Cameron v. Commissioner*, 56 Fed. (2d) 1021, affirming 20 B. T. A. 305; *Lake Charles Naval Stores, supra.*

In addition to the reason given for the conclusion announced, we are of the opinion that at a time when the respondent is precluded by the statute from making an additional assessment for 1919 the petitioner ought not to be heard to say that the allowance made for depreciation in that year, based upon its own claim, was excessive so as to enable it to get the benefit of a double deduction in a later year. See *Alpin J. Cameron, supra.*

The respondent's refusal to allow the deduction is sustained.

The other issue relates to the deductibility of a loss alleged to have been sustained on an old truck in connection with the acquisition of a new one.

In 1927 the petitioner purchased an automobile truck at a cost of $1,043.77. In the acquisition of a new truck in 1929, an allowance of $187.55 was made for the old truck. The parties valued the new truck at $788.35. The difference of $600.80 between the value placed on the new truck and the allowance made for the old one was paid in cash. The depreciation sustained on the old truck was allowed as a deduction for income tax purposes down to the date of exchange, leaving an undepreciated balance of $326.14. In its return for 1929 the petitioner claimed the sum of $138.59 as a loss sustained on the old truck. The respondent disallowed the deduction and added the amount of the alleged loss to the cost of the new truck.

The alleged loss is being claimed as a deduction on the ground that there was a sale of the old truck. The respondent held, and still maintains, that the transaction was not a sale, but an exchange which did not give rise to a deductible loss. We have only the stipulation of the parties. This recites that " In 1929 the petitioner exchanged the truck purchased in 1927 for a new automobile truck " and that " In this exchange an allowance was made for the old truck   *   *   *." We can not say from the meager facts of record that the respondent erred in treating the transaction as an exchange. Sec. 112 (b) (1) (e), Revenue Act of 1928; cf. *W. H. Hartman Co.*, 20 B. T. A. 302.

*Decision will be entered for the respondent.*